UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDA R. GIL,

                Plaintiff,

-against-

JUDGE FRANCES ORTIZ,

                Defendant.

1:25-CV-4748 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Aida R. Gil, who is proceeding *pro se,* has filed a motion for a temporary restraining order principally asking this Court to stay her pending proceedings before Judge Frances Ortiz of the New York City Civil Court, New York County, Housing Part; Plaintiff alleges that those proceedings are scheduled to take place beginning on July 1, 2025. (ECF 11.) To obtain such immediate preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her action or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025). Such immediate preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

      Plaintiff's motion does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in her favor. Accordingly, the Court denies Plaintiff's motion for a temporary restraining order. (ECF 11.) The Court will issue an explanatory order at a later date.

## CONCLUSION

The Court denies Plaintiff's motion for a temporary restraining order. (ECF 11.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 30, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge